**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD E. DAVIS,

     Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent - Appellee.

No. 19-9001
(CIR No. 017419-16 L)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Ronald E. Davis appeals from an adverse judgment by the Tax Court.

Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

The Internal Revenue Service (IRS) issued Mr. Davis a notice of deficiency

stating he owed $3,510.79 in unpaid income tax, penalties, and interest for the 2012

tax year and then issued a notice of intent to levy to collect the debt. After denying

Mr. Davis's request for a face-to-face Collection Due Process (CDP) hearing because

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

he failed to provide a 2012 return, the Appeals Office of the IRS conducted a correspondence CDP hearing and issued a notice of determination upholding the notice of intent to levy. Mr. Davis appealed to the Tax Court, which denied the Commissioner's motion for summary judgment and conducted a trial. Ultimately, the Tax Court upheld the notice of determination.

Mr. Davis submitted several filings after the Tax Court served the merits decision. He moved for reconsideration, which the court denied. He moved for the recusal of the Tax Court judge, which the Chief Judge of the Tax Court denied. In addition, he filed a notice objecting to the denial of reconsideration, which the court ordered stricken from the record. He then filed a motion to vacate, which the court also denied.

Mr. Davis now appeals to this court. Because he proceeds pro se, we construe his filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* "Under [Federal] Rule [of Appellate Procedure] 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority." *Id.* at 841 (ellipsis and internal quotation marks omitted). Although Mr. Davis "has listed several issues for appeal," "his statement in support of each issue consists of mere conclusory allegations with no citations to the record." *Id.* And although he does cite legal authority, his legal arguments largely are incoherent.

2

Nevertheless, giving Mr. Davis the benefit of liberal construction, we have reviewed the Tax Court's decisions. We conduct such review "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury," 26 U.S.C. § 7482(a)(1), reviewing legal determinations de novo and factual findings for clear error, *see Petersen v. Comm'r*, 924 F.3d 1111, 1114 (10th Cir. 2019). Having carefully considered the briefs, the record, and the applicable legal authority, we conclude that the Tax Court neither erred legally nor clearly erred factually in the merits decision served on December 3, 2018. Similarly, we see no reason to disturb the Tax Court's other decisions, including its denial of the motion to recuse and its decision to strike the objection to the denial of reconsideration.

The Tax Court's judgment is affirmed.

Entered for the Court

Harris L Hartz
Circuit Judge